UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Patricia L. Lewis,                               Case No. 05-89307
                                                              Chapter 13
                     Debtor.                            Hon. Marci B. McIvor
_____/

## OPINION GRANTING IN PART STEINBERG, SHAPIRO AND CLARK'S APPLICATION FOR FEES AND EXPENSES FOR SERVICES RENDERED AS ATTORNEYS FOR CHAPTER 7 TRUSTEE AND ALLOWING ADMINISTRATIVE EXPENSE

This matter is before the Court on Steinberg Shapiro and Clark's Application for Order Awarding Fees and Expenses for Services Rendered as Attorneys for Chapter 7 Trustee and Allowing Administrative Expense. Counsel seeks fees in the amount of $4,858.30 and expenses of $16.95 for a total award of $4,875.25. For the reasons stated in this Opinion, the Court grants the Application in part and awards fees of $916.00 and expenses of $16.95 for a total award of $932.95.

## Background

On June 13, 2005, Patricia and Ronald Lewis filed a joint Chapter 7 bankruptcy petition. Mark Shapiro was appointed the Chapter 7 Trustee. On August 4, 2005, the Trustee objected to a $60,000 homestead exemption claimed by Debtors under Mich. Comp. Laws § 600.5451(1)(n). The Trustee asserted that under the state exemption statute, the homestead exemption was limited to $30,000.

On August 29, 2005, Patricia Lewis filed a Motion to Convert her case to Chapter 13. At the hearing on the Trustee's objection to the homestead exemption, the Court sustained the objection and held that the state exemption statute limited the homestead exemption to $30,000. The Court also expressed concern regarding Patricia Lewis'

request to convert her case -- a request to convert which was made by one debtor in a joint case after the trustee attempted to administer property. The Court found that the request bordered on "bad faith." Nevertheless, the Court ultimately entered an Order granting Patricia Lewis's motion to sever the joint filing and convert her Chapter 7 case to a Chapter 13 case.

According to the proposed Plan filed in Patricia Lewis' Chapter 13 case, approximately $6,700 will be available over the course of five years for payment to unsecured creditors.

In the present motion, Chapter 7 Trustee's counsel, Steinberg Shapiro & Clark (hereinafter "SSC") seeks payment of fees and expenses incurred in the Chapter 7 case pursuant to 11 U.S.C. § 330. SSC argues that the fees sought are compensation for efforts that were reasonable, necessary and ultimately conferred a benefit to the Chapter 13 estate. SSC seeks payment of its fees as an administrative expense. Debtor's Counsel asserts that: (1) the Chapter 7 Trustee is not entitled to any fees because under 11 U.S.C § 706(a), a debtor has an absolute right to convert and the Code does not provide for the payment of fees to a Chapter 7 trustee in a converted case, and (2) no benefit was conferred on the Chapter 13 estate. Debtor's Counsel asserts that, at most, the Chapter 7 Trustee's fees should be limited to fees incurred prior to conversion of the case.

## **Analysis**

Under 11 U.S.C. § 326(a), a Chapter 7 trustee's compensation is limited as follows: [i]n a case under chapter 7 or 11, the court may allow reasonable compensation

under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent of any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000 upon all money disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Section 327 of the Code specifically permits a trustee to employ professional persons, including lawyers. 11 U.S.C. § 327(a) states:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Compensation for professionals hired under § 327(a) is governed by 11 U.S.C. § 330. Thus, while a trustee's fees are capped under § 326, the trustee's attorney's fees are not similarly capped. Those fees are reviewed under the "reasonable and necessary" standard set forth in § 330.

> Section 330(a) states, in part:
>
> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than

3

05-89307-mbm    Doc 30    Filed 02/02/06    Entered 02/02/06 11:44:52    Page 3 of 11

the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

>  (A) the time spent on such services;
>
>  (B) the rates charged for such services;
>
>  (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>  (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
>  (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

>  (i) unnecessary duplication of services; or
>  (ii) services that were not --
>  (I) reasonably likely to benefit the debtor's estate; or
>  (II) necessary to the administration of the case.

*   *   *

In the Sixth Circuit, the lodestar method is used for calculating fees under § 330. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.*

Relying on 11 U.S.C § 330, SSC argues that its fees should be calculated using the lodestar method and that it is entitled to fees and costs in the amount of $4,875.25. SSC

4

asserts that it was the Chapter 7 Trustee's challenge to Debtors' homestead exemption which caused debtor Patricia Lewis to convert her case to Chapter 13 and propose a 10% dividend to unsecured creditors. Had the exemption gone unchallenged, SSC believes that both Debtors would have stayed in the joint Chapter 7 and there would have been no distribution to unsecured creditors. Because the Chapter 7 Trustee's efforts conferred a benefit on the Chapter 13 estate, SSC argues that it is entitled to compensation under § 330

Debtor's Counsel disagrees, asserting that the Chapter 7 Trustee is not entitled to fees or that fees should be limited to those incurred prior to the conversion. According to Debtor's Counsel, Patricia Lewis had an absolute right to convert her Chapter 7 case to Chapter 13 pursuant to 11 U.S.C. § 706(a).[1] Debtors frequently convert from Chapter 7 to Chapter 13 after a Chapter 7 trustee finds non-exempt assets, and a Chapter 7 trustee (or its counsel) should not be entitled to fees for challenging the motion to convert. Moreover, Debtor's Counsel asserts that in this case, the Chapter 7 Trustee's efforts rendered no benefit to the Chapter 13 estate. Debtor will have approximately $6,700 available from plan payments to pay unsecured creditors. If the Chapter 7 Trustee's fee application is allowed in its entirety as an administrative expense, the payment of that expense will absorb most of the funds available to unsecured creditors. The only benefit generated by

---

[1] 11 U.S.C. § 706(a) provides:
The Debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

5

the Chapter 7 Trustee will be payment of its own fees.

The issue squarely before this Court is whether a Chapter 7 trustee's counsel can be compensated in a converted case. While there are no Sixth Circuit cases directly on point, courts in other jurisdictions have been willing to award a Chapter 7 trustee's counsel fees in a converted case for reasonable and necessary services.

In *In re Collins*, 210 B.R. 538 (N.D. Ohio, 1997), the debtors filed a notice of conversion to Chapter 13 after the Chapter 7 trustee filed a complaint against debtors to recover on a fraudulent conveyance. The case was converted and the trustee sought professional fees in the amount of $112.50 and expenses in the amount of $143.23. The trustee requested that these fees be paid as an administrative expense. The court granted the trustee's application for fees and expenses pursuant to 11 U.S.C. § 330(a)(1) and § 327, noting that,

> [a]llowing Chapter 7 trustees fee and expense awards in cases converted to Chapter 13 . . . prevents unfair treatment of Chapter 7 trustees where the conversion to Chapter 13 was for the purpose of avoiding 'the consequences of a trustee's action in locating, identifying and administering assets' of the estate. *In re Wells*, 87 B.R. 732, 737 at n. 3 (Bankr. N.D. Ga. 1988); *See also In re Woodworth*, 70 B.R. 361 (Bankr. N.D.N.Y. 1987); *In re Parameswaran*, 64 B.R. 341 (Bankr. S.D.N.Y. 1986); *In re Smith*, 51 B.R. 273 (Bankr. D.C. 1984); *In re Pray*, 37 B.R. 27 (Bankr. M.D. Fla. 1983); *In re Rennison*, 13 B.R. 951 (Bankr. W.D. Ky. 1981).

*In re Collins*, 210 B.R. at 540.

In *In re Woodworth*, 70 B.R. 361 (Bankr. N.D. N.Y. 1987), the debtor converted his case from a Chapter 7 proceeding to a Chapter 13 proceeding after the Chapter 7 trustee discovered that the debtor owned an unencumbered vehicle with an approximate value of $10,000. After the conversion, the trustee filed a proof of claim for $860; $480 as a

6

commission the trustee would have received pursuant to 11 U.S.C. § 326 had the trustee administered the vehicle as an asset of the estate, and $380.00 in attorney fees. The court denied the trustee any amount under § 326(a) except to the extent allowed under 11 U.S.C. § 330(b). The Court stated:

> The Court can appreciate the Trustee's predicament. He uncovers a valuable asset, and prior to seizure it is removed from his grasp by operation of law. Yet the fact remains that the Trustee's efforts did not result in any marshaling of assets, or the disbursement of funds to creditors. The Court cannot compensate the Trustee merely because a valuable, non-exempt asset was removed from what presumably would have been swift liquidation efforts by a debtor's utilization of the Code's liberal conversion provisions.

*Woodworth*, 70 B.R. at 362-363. With regard to the request for legal fees, however, the court found:

> Trustee's counsel performed valuable services to the Chapter 7 estate, and had the Debtors not converted the case to Chapter 13, a valuable asset would have been administered.
>
> The fees requested are not excessive, and were capably and ably performed by Trustee's counsel. The Court recognizes, however, that certain of the entries contained on the itemized time sheet describe relatively routine duties customarily performed by the trustee, and many tasks were performed prior to Court appointment of Trustee's counsel. The difficulty of compensating the bicephalous trustee-attorney for trustee has previously be recognized. *In re Red Cross Hospital Assn., Inc.*, 18 B.R. 593 (Bankr. W.D. Ky. 1982). In light of the above, the Court orders the Chapter 13 trustee to accept as an administrative claim of the Chapter 7 Trustee's attorneys the sum of $233.00.

*Woodworth*, 70 B.R. at 363.

In *In re Berry*, 166 B.R. 932 (Bankr. D. Ore. 1994), the debtor converted his "no asset" Chapter 7 proceeding to a Chapter 13 proceeding after the trustee discovered several undisclosed and undervalued assets. The trustee filed a proof of administrative expense claim in the amount of $2,031.26; $205.00 in expenses and $1,826.26 as the

7

maximum statutory fee under 11 U.S.C. § 326(a) and 11 U.S.C. § 330. In holding that the trustee was entitled to some measure of compensation, the court stated:

> It is clear that the trustee's services have not been minimal as was the case in *In re Woodworth* [70 B.R. 361 (Bankr. N.D.N.Y. 1987)]. A Chapter 13 plan has been confirmed in this case which, if performed by the debtor, will result in an approximate payment to general unsecured creditors of 30% of their claims. The trustee must be given a large portion of the credit for this favorable result. Even the debtor admits that he decided to convert his case to a Chapter 13 proceeding "... upon learning that his real property was worth more than he had anticipated. . ." *Debtor's Memorandum in Opposition to Administrative Claim of Chapter 7 Trustee*, p. 3, lines 5 and 6.
>
> Without the vigorous efforts of the trustee, this case would probably have been administered as a no-asset Chapter 7 proceeding. Pursuant to the terms of the confirmed Chapter 13 plan, the total sum of $18,000 will be paid by the debtor to the Chapter 13 trustee. Chapter 7 trustees must be encouraged to undertake the type of efforts in which the trustee engaged in this case.
>
> This court agrees with other courts that have considered this issue, the trustee is entitled to compensation based upon the reasonable value of the actual and necessary services which were rendered by the trustee on a quantum meruit basis.

*Berry*, 166 B.R. at 935. The court concluded that on the facts of the case, reasonable compensation "may be arrived at by computing the percentage formula set forth in § 326(a) on the total amount of funds to be paid by the debtor to the Chapter 13 trustee" plus reasonable expenses. *Id.*

In each of the cases cited above, the court agreed that a Chapter 7 trustee or its counsel was entitled to compensation for reasonable and necessary services rendered prior to a conversion to Chapter 13. However, none of the cases award the trustee or trustee's counsel the entire amount requested, unless the amount is nominal. While the decisions cited give scant detail as to the manner in which fees were calculated, it is clear that the fees awarded were proportional to the distribution to creditors through the Chapter

8

13 plan. Thus courts (1) relate the amount awarded for professional fees pre-conversion to the amount a trustee can recover under 11 U.S.C. § 326(a)(for actual distribution of assets), or (2) grant total fees requested where the request is relatively small.

The Court notes that there is a substantial body of case law which denies any compensation to Chapter 7 trustees (and/or their counsel) in the context of conversion. *See In re Silvus*, 329 B.R. 193 (Bankr. E.D. Va. 2005) and cases cited therein. In *Silvus*, the court, in the context of a converted case, applied § 326 in determining the Chapter 7 trustee's compensation. Notwithstanding an admittedly harsh result, the court strictly construed the language of that section and held that the Chapter 7 trustee was not entitled to any fees or expenses because, in that case, no money had been disbursed or turned over for distribution. *Silvus*, 329 B.R. at 215.

This Court is persuaded that the harsh result in *Silvus* is not dictated by either the Code or the facts in the case at bar. The Court has reviewed SSC's fee application pursuant to § 330 and finds that the Trustee has billed reasonable compensation for actual work performed in this case. However, 11 U.S.C. § 330(a)(3)(A) requires that in determining the amount of compensation to be awarded "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors."

In this case, notwithstanding the fact that the Trustee made a reasonable choice to oppose the Motion to Convert, the work done by the Trustee, if compensated as requested, generates no benefit to the estate. Allowing the Trustee's entire claim as an administrative expense deprives the unsecured creditors of the majority of their dividend. The total dividend available for unsecured creditors through Debtor's Chapter 13 plan is

05-89307-mbm    Doc 30    Filed 02/02/06    Entered 02/02/06 11:44:52    Page 9 of 11

$6,700 (a 10% dividend). If SSC is awarded an administrative expense claim of $4,875, the dividend to unsecured creditors will be approximately $1,824.75 (a 2.6% dividend) -- and that amount would not be paid (due to the size of the administrative claim relative to Debtor's monthly plan payment) until the last year of Debtor's five year plan.

The Court concludes that the only work for which the Trustee may be compensated is time spent objecting to the exemptions claimed by the Lewises in their joint Chapter 7 case. The Court is awarding fees for work performed on July 28, 2005[2], all work performed on July 30, 2005[3], all work performed on August 12, 2005[4], work performed on August 18, 2005[5], work performed on August 30, 2005[6], and time on September 1, 2005 relating to preparing objections to amended exemptions[7]. The Trustee is awarded total fees of $916.00 and expenses of $16.95.

The rest of the fees billed by the Trustee were billed for researching the issue of exemptions in a case where a married couple files separately (one in a Chapter 7 filing and one in a Chapter 13 filing) and for challenging Debtor's Motion to Convert. This case presented unusual facts and the Court is sympathetic to the Trustee's argument that, in the

---

[2]Billed by Aaron Scheinfield (1 hour at $140 per hour or $140).

[3]Billed by Aaron J. Scheinfield (.3 hours at $140 per hour or $42).

[4]Billed by Mark Shapero (.2 hours at $240 per hour or $48) and Tracy Clark (.3 hours at $210 per hour or $63).

[5]Billed by Aaron Scheinfield (.1 hours at $140 per hour or $14).

[6]Billed by Tracy Clark (2.5 hours at $210 per hour or $525).

[7]Billed by Tracy Clark (.4 hours at $210 per hour $84)

10

context of this case, the research and the challenge to the conversion were necessary services. Unfortunately, these services conferred no benefit on the Chapter 13 estate. Furthermore, the Court views these services as a cost of serving as a Chapter 7 trustee; the research done in this case will benefit the Trustee in other cases and should not be billed to the creditors of this Debtor's estate.

## Conclusion

For the reasons stated above, Steinberg, Shapiro and Clark's Application for Fees and Expenses for Services Rendered as Attorneys for Chapter 7 Trustee and Allowing Administrative Expense is GRANTED IN PART and DENIED IN PART. Steinberg, Shapiro and Clark is awarded fees in the amount of $916.00 and expenses in the amount of $16.95 for a total award of $932.95.

**Entered: February 02, 2006**

                                                **/s/ Marci B. McIvor**
                                                **Marci B. McIvor**
                                                **United States Bankruptcy Judge**